## WISEHART ET AL., EXECUTORS, v. GROSE.

### No. 7143.

CONTRACT.—*Child's Agreement to Maintain Parents.*—*Consideration.*—*Improvement of Real Estate.*—*Measure of Damages.*—*Evidence.*—*Tenancy.*—*Decedents' Estates.*—Under a written contract between a father and son, the latter was to "victual, clothe, pay doctor bills, and keep house and care for," his parents during their lives, in consideration of the use of the father's farm and personal property. He was to pay the taxes and make tenantable repairs on the farm; "but for permanents and betterments, such as building a new house, * ditching, fencing, resetting and with new rails, to be paid for out of the effects of said parents after their decease; the value to be ascertained by two men, * one selected by each of the parties that may be present and interested." Suit on such contract, against his father's estate, by the son, after his parents' death, for improvements made thereunder, and on account for whiskey, tobacco, etc., furnished his father.

*Held*, that the complaint was sufficient, if it apprised the defendants of the nature and character of the items, for which compensation was sought.

*Held*, also, that a "picket-fence" and ditching were permanent improvements.

*Held*, also, that it was proper to charge for cash paid out for "ditching," though a recovery could be had of only as much as the ditching was worth.

*Held*, also, that the value of improvements should be determined by their reasonable cost at the time they were made, and not by their value at the close of the tenancy.

*Held*, also, that, by the terms of the contract, the plaintiff was not required to furnish "whiskey and tobacco" to his father, and, if furnished, he is entitled to recover the value thereof.

*Held*, also, that evidence of conversations between the plaintiff and defendant, concerning the appraisers of the improvements, was harmless.

From the Henry Circuit Court.

*W. Grose*, for appellants.

*T. B. Redding*, *J. H. Mellett* and *E. H. Bundy*, for appellee.

WORDEN, J.—This was a claim filed by the appellee, against the estate of William Grose, deceased.

The greater part of the claim was based upon the following agreement executed by the appellee and the deceased, in the lifetime of the latter, viz.:

"An agreement entered into between William Grose,

Sr., and Isaac Grose, his son : The said son is to maintain his father and mother during their natural lives; that is, to victual, clothe, pay doctor bills, and keep house and care for them suitable to their condition in life ; for which the said son is to have the use of the farm and personal property thereon, now owned by the said father, in Liberty township, Henry county, Indiana. Said son is to pay all subsequent taxes thereon during the lifetime of his said parents, and to do tenantable repairs. But for permanents and betterments, such as building a new house or room (which is now contemplated), ditching, fencing, resetting and with new rails, to be paid for out of the effects of said parents after their decease; the value to be ascertained by two men, disinterested, one selected by each of the parties that may be present and interested. In witness," etc. This contract bears date March 3d, 1868.

The appellee filed a statement of the items claimed by him under this contract, amounting in the aggregate to the sum of one thousand nine hundred and forty-one dollars and eighty-five cents.

We deem it unnecessary to encumber the record by setting out these items in full. The first two may be taken as specimens. They are as follows :

" 1874.

" Oct. To building and furnishing house on decedent's farm, and furnishing materials therefor, $750.00.

" 1875.

" June 15. To building and furnishing barn and materials for same,    -    -    -    -    $750.00."

It was stated in the affidavit attached to the claim by the appellee, that " William Grose, Jr., the only party present at Henry county at death of decedent, being an heir, and interested in said estate, refused to appoint any one under the contract above set out, to estimate the value of the permanent improvements thereunder, al-

though often requested so to do by the deponent; and deponent is and has been ready at all times to appoint such person as provided for by said contract."

The appellee also filed an additional account for funeral expenses of Mr. and Mrs. Grose, and for tobacco and whiskey furnished by him to the deceased in his lifetime, amounting in all to the sum of two hundred and thirty-three dollars and thirty cents. These last items are not claimed to have been furnished under or by virtue of the contract above set out.

Issue, trial, verdict and judgment for the plaintiff for nine hundred dollars.

The appellants have assigned the following errors:

" 1.   The court erred in overruling appellants' motion to make complaint more definite and specific.

" 2.   The court erred in overruling appellants' motion to strike out of complaint in court below.

" 3.   The court erred in overruling appellants' motion in the court below for a new trial."

The appellants, at the proper time, moved the court " to require the plaintiff to make each of the items of his account more definite and certain as to time when it occurred, the items more definite and certain, and the value of each, separate, as to quantity and price;" but the motion was overruled and exception taken.

Another item of the account, in addition to those above set forth, taken from the brief of counsel for the appellant, may be set out as among the most uncertain of them, as follows:

" 1870.

" June 20. Building smoke-house, milk-house, well-shed, and materials for the same, $100."

We are of opinion that no error was committed in overruling the motion. It might not have been error, to be sure, to have required the account to be made more spe-

cific ; but it was sufficient to apprise the defendants of the
nature and character of the permanent improvements
claimed to have been made by the appellee, for which he
claimed compensation under the contract.

The appellants also moved to strike out certain items of
the account. This motion was sustained in part and over-
ruled in part. In respect to items for making picket-fence
and furnishing materials for the same, and to cash paid for
ditching, the motion was overruled. · We can not say that
the making of a picket-fence was not a permanent improve-
ment within the terms of the contract; and the ditching
was clearly such, being so designated in the contract.
No error was committed in this respect, of which the appel-
lants can complain.

The ditching was a permanent improvement for which
the appellant was to be paid; and it was not material to
the merits of the case whether, in form, he charged for the
ditching, or for the money paid for it. But, of course, he
could only recover as much as the ditching was worth,
whatever may have been the amount which he paid for it.

We come to the motion for a new trial.

The court charged, in substance, that the value of the
permanent improvements was to be determined by their
reasonable cost at the time they were made; and not by
their value at the time of the expiration of the tenancy.

This instruction presents the only question of much im-
portance in the case ; and it is claimed by the appellants
to have been erroneous in this, that the compensation for
the improvements should have been determined from
their value at the time of the termination of the tenancy.
By the terms of the contract, the appellee was to maintain
his father and mother in the manner provided for, during
their natural lives ; for which he was to have the use of
the farm, etc. He was to pay subsequent taxes and " do
tenantable repairs," but for " permanents and better-

ments" he was to be paid. The construction sought to be placed upon the contract by the appellants might entirely or partially defeat the payment provided for; for a house or other building might be wholly or partially destroyed by fire during the tenancy, or a new fence might, by lapse of time, become of little or no value at the end of the tenancy.

We are of opinion that the instruction given was correct.

The appellants complain of the rejection of evidence offered by them as to the value of the improvements at the end of the tenancy; but, upon referring to the record, at the page indicated by the brief, we do not find that any evidence which was offered was rejected. James Allen, a carpenter, was examined as to the value of the improvements, but it does not appear that any part of the testimony proposed to be given by him was rejected.

The plaintiff introduced one of the defendants, and proved by him certain conversation between him and the plaintiff, the purpose of which was to show a readiness on the part of the plaintiff to settle according to the contract, which involved the selection of an appraiser. There may also have been some statements that were irrelevant, but they were of such a character as to do no possible harm.

The appellants make the point that the court erred in not striking out the items for the whiskey and tobacco, and in receiving evidence in support thereof.

We see no reason why the plaintiff should not have recovered for the whiskey and tobacco, if the evidence justified it. It was not claimed that these items were furnished under the contract, but independently of it. It seems to us that the appellee was not bound by the contract to furnish whiskey and tobacco. They would scarcely come under the denomination of " victuals " or " clothes."

If the appellee was not bound to furnish these articles as part of the consideration for the use of the land, but if he did nevertheless furnish them under circumstances that would raise an implied promise to pay for them, it would seem that he ought to have recovered for them. But, however this may be, the court cut the matter short by instructing the jury that the plaintiff could not recover for the whiskey and tobacco.

In this state of the record, it is apparent that no error was committed in respect to the whiskey and tobacco, of which the appellants can complain.

It is conceded that the evidence was conflicting, and we are not asked to disturb the verdict on the evidence.

The judgment below is affirmed, with costs.